CARSON, PIRIE, SCOTT & COMPANY, Appellant, vs. KARP, Respondent.

*October 19—November 13, 1923.*

*Compromise and settlement: Disputed accounts: False representations as to debtor's solvency.*

1. An agreement between a seller and a buyer that, because of delay in shipping goods, a designated sum would be allowed as a deduction from the purchase price, and that the buyer then accept and retain the goods, constitutes a valid settlement. p. 78.

2. A creditor who, upon representations of the debtor that he was insolvent and was negotiating a settlement with other creditors, agreed to accept a sum which was less than the full debt, may, upon discovering that such representations were untrue, disregard the settlement as being without consideration and recover the full amount of the debt. p. 78.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Reversed.*

This action was begun in the civil court of Milwaukee county, the plaintiff, an Illinois corporation, alleging a balance due it of $344.62 for merchandise sold defendant between August, 1918, and May, 1920.

The defendant answered alleging in effect that on account of delay by plaintiff in shipping certain of the goods and because of which delay defendant had refused to accept such shipments, a deduction of about $185 was allowed in December, 1918, on the balance then due, provided defendant would retain said goods, which was done, and that pursuant to such agreement the defendant paid and the plaintiff accepted in full settlement of the then account such reduced amount.

Defendant also admitted a balance due of $159.39 for goods purchased since such settlement and offered judgment for such sum. A trial was had upon such pleadings, and then on defendant's application all the proceedings on such

trial were vacated and an amended answer interposed and a new trial had.

The amended answer admitted buying of the goods and merchandise as alleged in the complaint, alleged payment in full for all such, and by way of counterclaim asserted an overpayment of some $700 by mutual mistake. This counterclaim is not here material.

The transaction between defendant and plaintiff concerning the alleged settlement or discount made in December, 1918, was had with one Young, plaintiff's credit man. He testified that the reason he accepted in settlement of the account then due a sum $185 less than the face thereof was "because *Mr. Karp*. stated that he was unable to pay, his creditors in full and that he was settling with all his creditors at less than one hundred cents on the dollar and was going out of business."

Defendant testified that he did not say anything to Mr. Young about making a settlement with his creditors and made no settlement with anybody. His version as to the discount of $185 was to the effect that he had refused to accept certain delayed shipments from the plaintiff and that to induce him to accept the same an allowance was made, and also because there was a dispute as to the amount then due and owing.

The trial court, as stated in his written decision, believed the testimony of Mr. Young and disbelieved that of the defendant, and gave plaintiff judgment for the conceded sum of $139 and for the $185 discount allowed in December, 1918.

The circuit court on appeal modified the judgment by disallowing the $185 item, and from the judgment so modified the plaintiff appeals.

For the appellant there was a brief by *Alexander & Burke* of Milwaukee, and oral argument by *G. R. Alexander*.

*J. W. Wegner* of Milwaukee, for the respondent.

ESCHWEILER, J.  If defendant's version of the transaction of December, 1918, was correct, there were such disputed matters between the two parties as made the discount then allowed of $185 a valid settlement, one favored in the law, and it should be upheld.   On the other hand, if the allowance was made from the face of a conceded indebtedness in reliance upon a then representation made by the debtor that he was making a compromise at less than one hundred cents on the dollar of his indebtedness with other creditors and such representation was relied upon by the plaintiff and was untrue, then plaintiff might disregard such settlement as being without consideration and be entitled to recover the full amount.  It was conceded that no such compromise was in fact made by defendant with any of his other creditors, and so the only question was whether a representation that he was making a settlement with his other creditors was made.   The testimony of the two persons to such transaction presented a clearly defined issue of fact and it was resolved by the trial court in favor of the plaintiff's version, and we can find no ground for setting aside such finding.

Upon such determination in plaintiff's favor the trial court was correct in awarding plaintiff judgment for this disputed item of $185.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the judgment of the civil court.